```
                 UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JAY ALAN MYERS,

                 Plaintiff,

vs.                                    Case No. 2:06-cv-234-FtM-29SPC

RICHARD NED KAUFMAN; JOSEPH MARINOLA; JOHN DOES,

                 Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon initial review of the file. Plaintiff, an inmate currently incarcerated in the Charlotte County Jail proceeding *pro se*, filed a civil rights complaint form pursuant to 42 U.S.C. §1983 on May 8, 2006 (Doc. #1). Plaintiff requests to proceed *in forma pauperis* in this action (Doc. #2).

**I.**

The allegations in Plaintiff's Complaint pertain to Plaintiff's underlying criminal charges for which Plaintiff is currently serving a sixteen month sentence. Plaintiff alleges Fourteen Amendment Due Process violations and malicious prosecution stemming from Plaintiff's January 5, 2005 arrest. Complaint, Section VI, page 8. As relief, Plaintiff seeks to have this Court "rule his arrest illegal," "assess damages," and "terminate Plaintiff's unlawful detention." Id. Section VIII, page 10.

**II.**

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Liberally construing Plaintiff's Complaint, it appears that Plaintiff claims that the unlawful acts of the Defendants resulted Plaintiff's unconstitutional imprisonment and conviction.

**III.**

Assuming for purposes of review of the Complaint that Plaintiff could prove that the Defendants committed any of the alleged improprieties, Plaintiff's Complaint must nonetheless be dismissed for failure to state a claim. A claim challenging unlawful conduct leading to an unconstitutional conviction cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;  if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (emphasis original). <u>See</u> <u>also</u> <u>Koger v. Florida</u>, 2005 WL 1027204, (11th Cir. May 3, 2005).   Plaintiff admits that he is currently serving a sixteen month sentence for the conviction that he now challenges was based on unlawful conduct.  Complaint, page 8.   Therefore, Plaintiff cannot state a cause of action to sustain a §1983 action relating to his underlying criminal case consistent with <u>Heck</u>.

Consequently, the Court, concludes that no relief could be granted against the Defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)). Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed.

ACCORDINGLY, it is now

**ORDERED:**

1. Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __15th__ day of May, 2006.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge


SA:   hmk

Copies: All Parties of Record